UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

Eastern District of Kentucky
**FILED**

SEP 09 2024

AT LEXINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

CRIMINAL ACTION NO. 7:24-CR-15

UNITED STATES OF AMERICA                                    PLAINTIFF

V.                          **PLEA AGREEMENT**

DUSTIN NEWSOME                                              **DEFENDANT**

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 1 of the Information, charging a violation of 18 U.S.C. § 2251(a), employing, using, persuading, inducing, enticing, and coercing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct; and Count Two of the Information, charging a violation of 18 U.S.C. § 2252(a)(4)(B), knowingly possessing materials containing visual depictions of a minor engaged in sexually explicit conduct.

2. The essential elements of Counts 1 of the Information, charging a violation of 18 U.S.C. § 2251(a), are:

   (a) The Defendant employed, used, persuaded, induced, enticed or coerced a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct, or attempted to do so; and

   (b) The Defendant knew that the visual depiction(s) he persuaded, induced, enticed and coerced the minor victim to create, or attempted to create, were produced using materials that had been mailed, shipped, or transported in or

affecting interstate or foreign commerce by any means, or that such visual depictions would be transmitted using a means or facility of interstate commerce.

The essential elements of Count 2 of the Information, charging a violation of 18 U.S.C. § 2252 (a)(4)(B), are:

> (a) That the Defendant knowingly possessed one or more matters containing a visual depiction;
>
> (b) That the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct;
>
> (c) That the visual depiction was of a minor engaging in sexually explicit conduct;
>
> (d) That the defendant knew the visual depiction involved a minor engaging in sexually explicit conduct; and
>
> (e) That the visual depictions had been mailed, had been shipped or transported using any means or facility of interstate commerce or in or affecting interstate or foreign commerce, or were produced using material that had been mailed, shipped or transported in interstate or foreign commerce by any means including by computer.

3. As to the offenses charged in the Information, the United States could prove the following facts that establish the essential elements of the offenses beyond a reasonable doubt, and the Defendant admits these facts:

> (a) On August 28, 2023, the parent of Minor Victim 1 called Kentucky State Police and reported that she had located THC vape cartridges in her son's room. Minor Victim 1 stated that he had gotten the cartridges from a mail carrier, later identified as Dustin Newsome. Minor Victim 1 also stated that Dustin Newsome provided him with a cellphone.
>
> (b) Minor Victim 1 reported that he would send nude images and videos of himself masturbating to Newsome in exchange for the vape cartridges and other things of value, including alcohol. Minor Victim 1 also reported having engaged in various forms of sexual activity with Dustin Newsome. Minor Victim 1 reported that he was one of several minor males that sending Newsome sexually

2

explicit images and videos in exchange for Newsome providing the victims with things such as money, video game currency, THC, vapes, and alcohol.

(c) After subsequent investigation, law enforcement discovered 9 minor males ranging in age from 12 to 16 that reported having produced sexually explicit images and/or videos of themselves at Newsome's request. In most cases, Newsome provided the boys with things of value in exchange for producing and sending sexually explicit images or videos. Many of the victims were friends with other victims, which is how they were introduced to Newsome. Newsome would befriend the victims by playing video games with them and, in some cases, taking them to do activities such as bowling, playing basketball, or going out to eat. Multiple victims stated that Newsome would beg and pester them to create sexually explicit images so often that they agreed.

(d) A search warrant was executed at Newsome's residence in Martin County, Kentucky on August 29, 2023. The search resulted in the seizure of numerous electronic devices. A search of these devices, and devices owned by some of the minor victims, revealed numerous sexually explicit images and recordings of live chats between Newsome and at least 4 of the minor male victims. For each of the 4 victims for whom forensic evidence was located, each boy can be in screen recordings during which Newsome is chatting with the minor victim (each victim was depicted in separate videos). In some videos, the victim is engaging in masturbation and in others he is dancing or otherwise displaying his penis in a lewd and lascivious manner.

(e) In addition to the images and videos produced using the minor victims known to Newsome, several hundred additional images and videos of prepubescent minors engaged in sexually explicit conduct, including sexual penetration, that Newsome obtained from the internet were located on Newsome's electronic devices. These images and videos were obtained over many years beginning in 2013 and were possessed and accessible to him on the date his devices were seized in 2023.

(f) Newsome admits that, on or about the dates alleged in the Information, he employed, used, and persuaded at least 9 minor victims to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct. He further admits that conduct occurred in Martin County and elsewhere in Eastern District of Kentucky, and that the images traveled in interstate commerce when they were sent to him using a means and facility of interstate commerce, that is the internet. He also admits the images were produced using electronic devices that had been shipped or transported in interstate or foreign commerce prior to

3

being used in the offense.

(g) Newsome further admits that, on or about the date alleged in the Information, he knowingly possessed multiple items containing additional images of minors engaged in sexually explicit conduct. Newsome admits that the children depicted in these images included images of prepubescent children and that he obtained these images using a means or facility of interstate or foreign commerce, that is the internet, and that the images were transported in interstate or foreign commerce prior to being possessed by him. Newsome admits this conduct occurred in Martin County, in the Eastern District of Kentucky.

4. The statutory punishment for Counts 1 is imprisonment for not less than 15 years and not more than 30 years, a fine of not more than $250,000, and a term of supervised release of not less than 5 years and up to life. Because the Defendant possessed images of prepubescent minors or minors under the age of 12, the statutory punishment for Count 2 is imprisonment for not more than 20 years, a $250,000 fine, and not less than 5 years nor more than lifetime supervised release. A special assessment of $100.00 per count applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea. An additional mandatory special assessment of $5,000 applies, pursuant to 18 U.S.C. § 3014, for non-indigent Defendants convicted of certain offenses, including those in chapter 110 (which includes the offenses to which the Defendant is pleading guilty). The Defendant will pay this assessment to the U.S. District Court Clerk after the sentencing hearing, in accordance with the Judgment, if the Court determines the Defendant is non-indigent and orders such assessment to be paid. Moreover, the Defendant acknowledges that, pursuant to 18 U.S.C. §2259A, an assessment per count of no more than $50,000 may apply to any person convicted of a child pornography production offense and $17,000 may apply to any person convicted of possession of child

4

pornography. Also, mandatory restitution under 18 U.S.C. § 2259 that is not less than $3,000.00 per victim may be applied to victims of child exploitation material trafficking offenses.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, provided they are not changed by the guidelines in effect at the time of sentencing, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

    (a) The United States Sentencing Guidelines (U.S.S.G.) Manual in effect at the time of sentencing will determine the Defendant's guideline range. The November 1, 2023, Manual guideline calculations are listed below.

    (b) Pursuant to U.S.S.G. § 2G2.1(a), the base offense level is 32.

    (c) Pursuant to U.S.S.G. § 2G2.1(b)(1)(B), increase the offense level by 2 levels because the offense involved a minor who had attained the age of 12 years but had not attained the age of 16.

    (d) Pursuant to U.S.S.G. § 2G2.1(b)(2)(A), increase the offense level by 2 levels because the offense involved the commission of a sexual act of sexual contact.

    (e) Pursuant to U.S.S.G. § 2G2.1(b)(6)(B), increase the offense level by 2 because the offense involved the use of a computer or interactive computer service to solicit participation of a minor in sexually explicit conduct.

**Chapter Four Enhancement:** The offense of conviction is a covered sex crime (production of child pornography), neither §4B1.1 (Career Offender) nor subsection (a) of §4B1.5 applies, and the Defendant engaged in a pattern of activity involving prohibited sexual conduct (production of child pornography with multiple victims). The offense level shall be five plus the offense level determined under Chapters Two and Three.

**Acceptance of Responsibility**: Pursuant to USSG §3E1.1(a), because the Defendant clearly demonstrated acceptance of responsibility, and (b) timely

provided complete information to the government concerning his own involvement in the offense and/or timely notified authorities of intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently, the offense level is reduced by three levels.

**Restitution**: Pursuant to U.S.S.G. ' 5E1.1, restitution will be determined at sentencing or at a separate restitution hearing. The Defendant agrees that all victims of images he possessed, received, distributed, or produced shall be considered victims for purposes of allocution and restitution, even if those victims are not victims of the counts of conviction. Specifically, the Defendant agrees that this includes, but is not limited to, the 9 victims identified during the course of this investigation that reported producing sexually explicit images or videos at the request of Dustin Newsome.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The parties agree to disagree about whether pseudo-counts should be created for Count 1 for each of the nine victims that the Defendant used to create sexually explicit images during the timeframe alleged in the Information and that, as a result, the Defendant's total offense level should be further enhanced pursuant to U.S.S.G. § 3D1.4. The parties also have not reached an agreement about the application of U.S.S.G. § 3B1.4, which increases the Defendant's offense level if the defendant used or attempted to use a person less than eighteen years of age to commit the offense or assist in avoiding detection of, or apprehension for, the offense. Both parties retain the right to present arguments in favor of, or against, application of this guideline at the time of sentencing.

8. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2.

6

9. The Defendant waives the right to appeal the guilty plea and conviction. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

10. The Defendant understands that, by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The Defendant also understands that, independent of supervised release, he will be subject to federal and state sex offender registration requirements and that those requirements may apply throughout his life. The Defendant will be required to register with the sex offender registration agency in Kentucky and shall also register with the sex offender registration agency in any state or other jurisdiction where he resides, is employed, or is a student. The Defendant understands that he shall keep his registration current and shall notify the sex offender registration agency or agencies of any changes to his name, place of residence, employment, student status, or other relevant information. The Defendant shall comply with requirements to periodically verify in person his sex offender registration information. The Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. The Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

11. The Defendant consents to the forfeiture to the United States, by administrative or judicial proceedings, of all right, title, and interest in the property listed in the forfeiture

allegation of the Information. The Defendant agrees that this property is subject to forfeiture because a nexus exists between the property and the offenses to which he is pleading guilty, as set forth in the forfeiture allegation of the Information. The Defendant consents to the entry of a Preliminary Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2, and agrees take any steps necessary to assist the government in effectuating the surrender and forfeiture of the assets identified herein, including but not limited to executing any documents necessary for the surrender and transfer of title to the United States. The Defendant agrees not to file a claim or petition seeking remission or otherwise contesting the forfeiture of the assets identified herein in any administrative or judicial proceeding, or to assist any other person or entity with doing so, and agrees to withdraw, and hereby withdraws, any such claim or petition that he/she already has submitted. If the Defendant fails to surrender and forfeit the assets identified for forfeiture herein, he consents to the forfeiture of any other property of his up to the amount of the value of the assets identified for forfeiture, pursuant to 21 U.S.C. § 853(p), and further agrees that the conditions of 21 U.S.C. § 853(p)(1)(A)-(E) have been met. The Defendant voluntarily and knowingly waives all provisions in Rule 32.2 pertaining to notice and/or the timing of forfeiture orders. The Defendant also waives his right, if any, to a jury trial on forfeiture and all constitutional, legal, or equitable defenses to the forfeiture. The Defendant agrees that this forfeiture is separate and distinct from any restitution, fine, or penalty ordered by the Court and shall survive bankruptcy.

12. The Defendant abandons any interest in, and consents to the official use, destruction, or other disposition of, any item obtained by any law enforcement agency during the course of the investigation, unless an item is specifically provided for in another provision of this Agreement. The Defendant also waives any notice of a proceeding to implement the official use, destruction, or other disposition of any item abandoned under this paragraph.

13. The Defendant agrees to pay restitution to any victim(s) as ordered at sentencing, pursuant to 18 U.S.C. § 3663(a)(3). The Defendant agrees that the restitution amount may include restitution for all losses caused by the Defendant's criminal conduct and may involve any victim of the enticement, attempted enticement, production, receipt, distribution, or possession of sexually explicit images of minors, even if such losses resulted from crimes not charged, crimes that were not the basis of a count of conviction, or conduct not admitted by Defendant in the factual basis.

14. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete, sign, and return to the United States Attorney's Office a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. Upon request, the Defendant agrees to provide the United States Attorney's

Office with records verifying his/her financial information or with any releases required to obtain such records, with such releases being valid for a period extending 90 days from the date of sentencing. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. Prior to sentencing, the Defendant agrees to notify the United States Attorney's Office and obtain its consent before transferring, encumbering, or disposing of any interest in property with a value exceeding $1,000.00 owned or controlled directly or indirectly, individually or jointly, by the Defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. The Defendant agrees to notify the United States Attorney's Office of any material changes in his/her economic circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

15. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable

immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant waives any defense or objection to any action to enforce the collection of financial obligations to be imposed in connection with this prosecution, including, but not limited to, collection procedures authorized by the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, et seq., 18 U.S.C. § 3664, or 18 U.S.C. § 3613. The Defendant expressly authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court. The Defendant authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

16. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

17. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

18. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

19. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

CARLTON S. SHIER IV
UNITED STATES ATTORNEY

Date: 9-9-24     By: _____
                     Erin M. Roth
                     Assistant United States Attorney

Date: August-2024    _____
                     Dustin Newsome
                     Defendant

Date: August-2024    _____
                     Stephen W. Owens
                     Attorney for Defendant

12