UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CASE NO. 24-15-KKC

UNITED STATES OF AMERICA                                                                 PLAINTIFF

V.            UNITED STATES' SENTENCING MEMORANDUM

DUSTIN NEWSOME                                                                           DEFENDANT

\* \* \* \* \*

The Defendant pleaded guilty to using multiple minor males to create sexually explicit videos, in violation of 18 U.S.C. § 2251(a). [R. 7: Plea Agreement.] The Presentence Report calculates that the Defendant's offense level is a 42 with a criminal history category of I, resulting in a guideline range of 360 to life.[1] [PSR ¶ 82.] However,

---

[1] The Defendant has raised an objection the guideline calculations for Count 2 of the Information—Possession of Child Pornography. Specifically, the Defendant argues that applying an enhancement pursuant to §2G2.2(b)(5) for engaging in a pattern of activity involving the sexual abuse or exploitation of a minor enhancement is improper because it would constitute double counting because the Defendant also is subject to an enhancement pursuant to §4B1.5(b), which applies when the Defendant engages in a pattern of activity of prohibited sexual conduct. This objection, however, does not affect the guideline calculations because the offense level calculation for Count 2 cross-references to §2G2.1, which results in a higher guideline calculation than the otherwise applicable calculation under §2G2.2. Because the cross-reference controls, and because Counts 1 and 2 ultimately group, application of the §2G2.2(b)(5) enhancement has no impact on the guideline calculation.

Even if the application of the §2G2.2(b)(5) did have an impact, however, the enhancement was properly applied. The Sixth Circuit recently held that application of §4B1.5(b) does not result in impermissible double counting when combined with similar guideline enhancements. *United States v. Hensley*, 110 F.4th 900, 906 (6th Cir. 2024) (noting that "Section 4B1.5(b)(1) says '[t]he offense level shall be 5 plus the offense level determined under Chapters Two and Three. The use of the term 'plus' is 'clear, unambiguous language' supporting applying § 4B1.5(b)(1) on top of any provisions from Chapters Two and Three . . . '"); *see also United States v. Seibert*, 971 F.3d 396, 401 (3d Cir. 2020), opinion clarified, 991 F.3d 1313 (3d Cir. 2021) ("even if the District Court applied § 2G2.2(b)(5) and § 4B1.5(b)(1) to the same conduct, it did not err because the Guidelines permit the simultaneous application of both enhancements.") Because there is no double counting, Newsome's argument fails.

1

the maximum statutory sentence Newsome can receive is 600 months.  *Id*.  The United States requests a sentence of 480 months of imprisonment to achieve the sentencing objectives of 18 U.S.C. §3553(a).

Such a substantial sentence is necessary "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense."  18 U.S.C. § 3553(a)(2)(A).  In this case, Newsome pleaded guilty to producing sexually explicit videos with numerous child victims.  Newsome would groom his victims by developing a relationship with them and gaining their trust.  He would provide the victims with items intended to gain their favor—including taking the victims to eat, providing them with money, video game currency, or vaping materials. He would use one victim to gain access to additional potential victims. Eventually, Newsome would introduce a requirement to send sexually explicit photographs or videos to receive the things of value.  With at least one victim, Newsome also engaged in a "relationship" that included instances of sexual conduct.  It was an ongoing, continuous pattern of predatory conduct that resulted in the victimization of at least nine males in the Eastern Kentucky area.

While there is no current evidence that the sexually explicit videos were distributed, only time will confirm if this is true.  This is why, when recordings are created, the impact of the crime continues. *See New York v. Ferber*, 458 U.S. 747, n.10 (1982) ("Because the child's actions are reduced to a recording, the pornography may haunt him in future years, long after the original misdeed took place.") While the creation of child sexual abuse material is always horrific, the added betrayal and abuse of trust

caused by the relationship between Newsome and his victims heightens the seriousness of the offense.  The victims viewed Newsome as a friend and trusted adult in their life. As a result, multiple victims have experienced severe mental health issues and had significant disruption to their lives. They will grapple with the impact of this crime for the remainder of their lives. In addition to the harm caused to the victims and their families, there is a societal harm caused by Newsome's conduct. "As victimized children reach adulthood, they often struggle to develop healthy relationships, and to find their place in society. In this way, their burdens are shared by all." *United States v. Faulkner*, 926 F.3d 266, 272 (6th Cir. 2019) (citations omitted).

A substantial sentence is also required to "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(C).  Although Newsome does not have a criminal history, he clearly has engaged in a long-standing pattern involving the sexual exploitation of children—both those known to him and those via the computer.  The ongoing nature of Newsome's conduct demonstrates a sustained and ongoing sexual interest in children lasting at least 10 years.  Newsome's repetitive criminal conduct, the threat he poses to children, and his willingness to harm those closest to him demonstrate that Newsome poses a danger to the community and militates strongly in favor of the requested sentence.

Moreover, a sentence of imprisonment of 480 months would be a clear warning to others considering similar conduct.  "General deterrence is crucial in the child pornography context." *United States v. Camiscione*, 591 F.3d 823, 834 (6th Cir. 2010).  Although producers, traders and collectors of child sexual abuse material may have a

compulsion for this material, they may still be deterred by law enforcement. Learning of Newsome's substantial sentence will perhaps reduce the abuse of children by others in this district who would consider producing, receiving, possessing and trading such material. *See United States v. Widmer*, 511 F. App'x 506, 511-12 (6th Cir. 2013) ("sentence was necessary to send a signal to would-be offenders that receipt of child pornography carries significant consequences").

In addition to the period of incarceration, any sentence should consider the need for "restitution to any victims of the offense." 18 U.S.C. § 3553(a)(7). The victims in this case and Newsome have reached an agreed proposed restitution amount of $15,000 for each of the Count 1 victims that wish to receive it. This amount reflects a good faith effort to predict the future counseling costs of the victims. In addition, there has currently been a request for $5,000 from one of the internet series possessed by Newsome that is the subject of Count 2.

## **CONCLUSION**

The United States respectfully requests the Court to impose a sentence of 480 months imprisonment, to be followed by at least twenty years of supervised release. The large number of victims in this case, the deliberate and predatory pattern of behavior of Newsome, and the danger posed by Newsome's sexual interest in children make this sentence necessary to achieve the sentencing aims of 18 U.S.C. §3553(a).

Respectfully Submitted,

CARLTON S. SHIER, IV

                        UNITED STATES ATTORNEY

By:    s/ Erin M. Roth
        Assistant United States Attorney
        260 W. Vine Street, Suite 300
        Lexington, Kentucky 40507-1612
        (859) 685-4872
        Erin.Roth@usdoj.gov

## CERTIFICATE OF SERVICE

On December 27, 2024, I electronically filed this document through the ECF system, which will send notice of electronic filing to all counsel of record.

                        s/ Erin M. Roth
                        Assistant United States Attorney